IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

EDDIE SANTANA, )
)
         **Plaintiff,** )
)
v. ) Case No. 14-CV-0052-CVE-FHM
)
VERIZON WIRELESS, et al. )
)
         **Defendants.** )

**OPINION AND ORDER**

Now before the Court is the Motion of Verizon Wireless to Compel Arbitration and Stay Judicial Proceedings and Brief in Support (Dkt. ## 14, 18). Defendant Verizon Wireless (Verizon)[1] argues that the parties agreed to arbitrate any claims arising out of an agreement, and it asks the Court to compel arbitration of the claims raised against it in plaintiff's first amended complaint. Plaintiff has not responded.

**I.**

On March 14, 2013, plaintiff entered into a contract with Verizon, in which Verizon would provide wireless service to plaintiff. Dkt. # 14-1, at 4. The contract was to end March 14, 2015. Id. A portion of the contract, which was signed by plaintiff, states: "I AGREE TO THE CURRENT VERIZON WIRELESS CUSTOMER AGREEMENT . . . I UNDERSTAND THAT I AM AGREEING TO . . . SETTLEMENT OF DISPUTES BY ARBITRATION AND OTHER MEANS INSTEAD OF JURY TRIALS, AND OTHER IMPORTANT TERMS IN THE CUSTOMER AGREEMENT." Id. at 5 (capitalization in original). The referenced customer agreement states:

---

[1]     Verizon identifies itself in its motion as Cellco Partnership d/b/a Verizon Wireless. Dkt. # 14, at 1.

> YOU AND VERIZON WIRELESS BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT.  THERE'S NO JUDGE OR JURY IN ARBITRATION AND THE PROCEDURES MAY BE DIFFERENT, BUT AN ARBITRATOR CAN AWARD YOU THE SAME DAMAGES AND RELIEF, AND MUST HONOR THE SAME TERMS IN THIS AGREEMENT, AS A COURT WOULD.  IF THE LAW ALLOWS FOR AN AWARD OF ATTORNEYS' FEES, AN ARBITRATOR CAN AWARD THEM TOO.  WE ALSO BOTH AGREE THAT:
> (1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT.  EXCEPT FOR SMALL CLAIMS COURT CASES THAT QUALIFY, ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT OR ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US (OR FROM ANY ADVERTISING FOR ANY SUCH PRODUCTS OR SERVICES) WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR BETTER BUSINESS BUREAU ("BBB").  YOU CAN ALSO BRING ANY ISSUES YOU MAY HAVE TO THE ATTENTION OF FEDERAL, STATE, OR LOCAL GOVERNMENT AGENCIES, AND IF THE LAW ALLOWS, THEY CAN SEEK RELIEF AGAINST US FOR YOU.

Id. at 9 (capitalization in original).

Plaintiff filed a complaint on February 5, 2014 (Dkt. # 1), and filed an amended complaint the next day (Dkt. # 5).[2]  In his amended complaint, plaintiff alleges that Verizon has violated the Fair Debt Collections Practice Act (FDCPA), 15 U.S.C. § 1692(a), by "calling everyday intending to harass plaintiff into giving [it] money."  Dkt. # 5, at 5.  Plaintiff also alleges that Verizon is attempting to collect money for services that were never rendered and that Verizon has been reporting negative information about plaintiff to credit bureaus.  Id. at 4, 5, 7.  Plaintiff alleges that, while attempting to collect the alleged debt, Verizon is using unethical tactics.  Id. at 3.

Verizon filed a motion to compel arbitration and stay judicial proceedings on April 29, 2014. Dkt. ## 14, 18.  In its motion, Verizon argues that the agreement between plaintiff and Verizon

---

[2] Plaintiff also filed a supplement to his amended complaint (Dkt. # 10).  However, that supplement does not implicate plaintiff's claims against Verizon Wireless.  See Dkt. # 10.

2

obligates plaintiff to resolve his disputes with Verizon by arbitration. Id. Plaintiff has not filed a response, and his time to do so has expired. Compare Dkt. ## 14, 18, with LCvR7.2(e).

## II.

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., represents a strong public policy in favor of arbitration, and states that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2; Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662 (2010); Vaden v. Discover Bank, 556 U.S. 49, 58 (2009). The FAA "requires a district court to stay judicial proceedings where a written agreement provides for the arbitration of the dispute that is the subject of the litigation." Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511, 1514 (10th Cir. 1995). Agreements that require arbitration of statutory claims are generally enforceable. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991).

## III.

Verizon asks the Court to compel arbitration of each of plaintiff's claims against it, because the parties' contract contains a broad arbitration provision and plaintiff's claims fall within the scope of the arbitration provision. The FAA reaches only contracts "involving commerce." 9 U.S.C. § 2. The "involving commerce" requirement of § 2 has been construed broadly to be coextensive with Congress' power to regulate interstate commerce, and the FAA "reaches not only the actual physical interstate shipment of goods but also contracts relating to interstate commerce." Comanche Indian Tribe of Okla. v. 49, L.L.C., 391 F.3d 1129, 1132 (10th Cir. 2004) (quoting Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401 n.7 (1967)) (internal quotation marks removed). The amended complaint is the operative pleading, and it alleges that Verizon, a foreign limited liability

corporation operating in Oklahoma, is attempting to collect money from plaintiff, a resident of Oklahoma. Dkt. # 5, at 1-2, 5. It also alleges that Verizon is reporting negative information to various credit bureaus. Id. at 7. The contract clearly relates to interstate commerce, and the parties' arbitration agreement is governed by the FAA.

"The question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (quoting AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986)) (alteration in original). The arbitration provision requires the parties to arbitrate all disputes related to or arising out of the agreement, but it does not clearly and unmistakably require the parties to arbitrate the issue of arbitrability. Dkt. # 14-1, at 9. Because the arbitration provision does not expressly reserve the issue of arbitrability for arbitration, the Court must determine whether to compel arbitration of all or any of plaintiff's claims against Verizon. As the Court has noted, the FAA provides a strong federal policy in favor of enforcing arbitration agreements. ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1462 (10th Cir. 1995). In determining if claims fall within an arbitration clause, a court must first determine whether the arbitration clause is broad or narrow. Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc., 567 F.3d 1191, 1196 (10th Cir. 2009). A broad arbitration provision is one that "refer[s] all disputes arising out of a contract to arbitration." Cummings v. FedEx Ground Package Sys., Inc., 404 F.3d 1258, 1262 (10th Cir. 2005). In contrast, a narrow arbitration provision "manifest[s] an intent to narrowly limit arbitration to specific disputes regarding the termination" of a contract. Id. The arbitration agreement in this case requires the parties to arbitrate "ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES

4

OUT OF THIS AGREEMENT OR ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US (OR FROM ANY ADVERTISING FOR ANY SUCH PRODUCTS OR SERVICES)." Dkt. # 14-1, at 9 (capitalization in original). This qualifies as a broad arbitration provision under Cummings, because the parties agreed to arbitrate all disputes arising out of the agreement. 404 F.3d at 1262; see also Newmont U.S.A. Ltd. v. Ins. Co. of N. Am., 615 F.3d 1268, 1275 n.5 (10th Cir. 2010) ("Generally, when an arbitration provision provides for [arbitration of] any dispute 'arising out of' a particular contract, the provision is construed broadly to suggest that a given dispute is arbitrable"). When reviewing a broad arbitration provision, "there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." Cummings, 404 F.3d at 1261 (quoting Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 224 (2d Cir. 2001)). The Court finds that the parties' arbitration agreement is enforceable, and the Court will apply the presumption of arbitrability applicable to broad arbitration provisions.

The Court has determined that the arbitration agreement is enforceable, and the Court must consider what claims asserted by plaintiff fall within the scope of the broad arbitration provision. Plaintiff has alleged that Verizon is attempting to collect a debt that is not owed to it, that Verizon is using unethical and illegal tactics to collect that alleged debt, and that Verizon is reporting negative information to various credit bureaus. Dkt. # 5, at 4, 5, 7. The alleged debt that Verizon is attempting to collect arises out of the contract that mandates arbitration. The debt collection practices stem from that alleged debt, as does any reporting to credit bureaus. These claims are clearly within the scope of the arbitration provision. Thus, all of the claims against Verizon alleged

5

in plaintiff's amended complaint fall within the scope of the parties' broad arbitration provision, and the claims must be submitted to arbitration. Under the FAA, the Court is required to stay plaintiff's claims against Verizon case pending completion of the arbitration proceedings. See Walker v. BuildDirect.com Techs., Inc., 733 F.3d 1001, 1004 (10th Cir. 2013).

**IT IS THEREFORE ORDERED** that Motion of Verizon Wireless to Compel Arbitration and Stay Judicial Proceedings and Brief in Support (Dkt. ## 14, 18) are **granted**, and plaintiff's claims against Verizon Wireless shall be submitted to arbitration pursuant to the parties' agreement.

**IT IS FURTHER ORDERED** that plaintiff's claims against Verizon Wireless only are **stayed** pending completion of the arbitration proceedings. The parties shall file a joint statement advising the Court of the arbitrator's decision within 15 days of the completion of the arbitration proceedings. This matter continues as to all other active parties.

**DATED** this 21st day of May, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE