**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EDDIE SANTANA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CV-0052-CVE-FHM** |
| | ) | |
| **VERIZON WIRELESS, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is the Motion to Dismiss Defendants AT&T Corp / AT&T Mobility,
or Alternatively, Motion to Stay Proceedings and Compel Arbitration, and Brief in Support (Dkt.
## 22, 26). Defendant AT&T Corp / AT&T Mobility (AT&T)[1] argues that plaintiff has failed to
state a claim against it, as AT&T is not subject to the Fair Debt Collections Practice Act, and that
the parties agreed to arbitrate any claims arising out of their agreement. Dkt. # 22, at 2, 9. It asks
the Court dismiss the claims against it, or, in the alternative, to stay the proceedings against it and
compel arbitration. Id. at 11. Plaintiff has not responded.

## I.

Plaintiff has entered into a contract with AT&T, the wireless customer agreement. Dkt. #
22, at 10. The wireless customer agreement states: "**In the unlikely event that AT&T's customer
service department is unable to resolve a complaint you may have to your satisfaction (or if
AT&T has not been able to resolve a dispute it has with you after attempting to do so
informally), we each agree to resolve those disputes through binding arbitration or small**

---

[1]     AT&T identifies itself in its motion as AT&T Mobility LLC. Dkt. # 14, at 1.

**claims court instead of in courts of general jurisdiction**." Dkt. # 22-1, at 4 (emphasis in original).

The wireless customer agreement also states:

> AT&T and you agree to arbitrate **all disputes and claims** between us. This agreement to arbitrate is intended to be broadly interpreted. It includes, but is not limited to:
> • claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory;
> • claims that arose before this or any prior Agreement (including, but not limited to, claims relating to advertising);
> • claims that are currently the subject of purported class action litigation in which you are not a member of a certified class; and
> • claims that may arise after the termination of this Agreement.

Id. (emphasis in original).

Plaintiff filed a complaint on February 5, 2014 (Dkt. # 1), and filed an amended complaint the next day (Dkt. # 5).[2] In his amended complaint, plaintiff alleges that AT&T has violated the Fair Debt Collections Practice Act (FDCPA), 15 U.S.C. § 1692(a), by "calling everyday intending to harass plaintiff into giving [it] money." Dkt. # 5, at 5. Plaintiff also alleges that AT&T is attempting to collect money for services that were never rendered and that AT&T has been reporting negative information about plaintiff to credit bureaus. Id. at 4, 5, 7. Plaintiff alleges that, while attempting to collect the alleged debt, AT&T is using unethical tactics. Id. at 3.

On April 30, 2014, AT&T filed a motion to dismiss and a motion to compel arbitration and stay judicial proceedings. Dkt. ## 22, 26. In its motions, AT&T argues plaintiff has failed to state a claim upon which relief can be granted and that the agreement between plaintiff and AT&T

---

[2]     Plaintiff also filed a supplement to his amended complaint (Dkt. # 9). However, that supplement does not implicate plaintiff's claims against AT&T. See Dkt. # 9.

obligates plaintiff to resolve his disputes with AT&T by arbitration. Dkt. # 22 at 5, 9. Plaintiff has not filed a response, and his time to do so has expired. Compare Dkt. ## 22, 26, with LCvR7.2(e).

## II.

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., represents a strong public policy in favor of arbitration, and states that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2; Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662 (2010); Vaden v. Discover Bank, 556 U.S. 49, 58 (2009). The FAA "requires a district court to stay judicial proceedings where a written agreement provides for the arbitration of the dispute that is the subject of the litigation." Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511, 1514 (10th Cir. 1995). Agreements that require arbitration of statutory claims are generally enforceable. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991).

## III.

### A. Motion to Dismiss

AT&T requests that plaintiff's claims against it be dismissed for failure to state a claim and, if that fails, for the Court to compel arbitration. However, a court must "consider defendant's motion to compel arbitration before addressing the merits of plaintiff's claims, not simply as an alternative in the event the court does not dismiss plaintiff's claims." Kenney v. Hallmark Cards, Inc., No. 08-CV-2134-CM, 2009 WL 102682, at *1 (D. Kan. Jan. 7, 2009). If an issue is arbitrable, a stay is mandatory. Volkswagen of Am., Inc. V. Sud's of Peoria, Inc., 474 F.3d 966, 971 (7th Cir. 2007). This Court must first determine if arbitration is required; if not, only then can AT&T's motion to dismiss be analyzed.

**B. Motion to Stay Proceedings and Compel Arbitration**

AT&T asks the Court to compel arbitration of each of plaintiff's claims against it, because the parties' contract contains a valid arbitration provision that mandates that plaintiffs's claims be settled by arbitration. The FAA reaches only contracts "involving commerce." 9 U.S.C. § 2. The "involving commerce" requirement of § 2 has been construed broadly to be coextensive with Congress' power to regulate interstate commerce, and the FAA "reaches not only the actual physical interstate shipment of goods but also contracts relating to interstate commerce." Comanche Indian Tribe of Okla. v. 49, L.L.C., 391 F.3d 1129, 1132 (10th Cir. 2004) (quoting Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401 n.7 (1967)) (internal quotation marks removed). The amended complaint is the operative pleading, and it alleges that AT&T, a foreign corporation operating in Oklahoma and its subsidiary, is attempting to collect money from plaintiff, a resident of Oklahoma. Dkt. # 5, at 1-2, 5. It also alleges that AT&T is reporting negative information to various credit bureaus. Id. at 7. The contract clearly relates to interstate commerce, and the parties' arbitration agreement is governed by the FAA.

"The question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (quoting AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986)) (alteration in original). The arbitration provision requires the parties to arbitrate all disputes related to or arising out of the agreement, but it does not clearly and unmistakably require the parties to arbitrate the issue of arbitrability. See Dkt. # 22-1, at 4 (stating that "issues relating to the scope and enforceability of the arbitration provision are for the court to decide"). Because the arbitration

provision does not expressly reserve the issue of arbitrability for arbitration, the Court must determine whether to compel arbitration of all or any of plaintiff's claims against AT&T. As the Court has noted, the FAA provides a strong federal policy in favor of enforcing arbitration agreements. ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1462 (10th Cir. 1995). In determining if claims fall within an arbitration clause, a court must first determine whether the arbitration clause is broad or narrow. Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc., 567 F.3d 1191, 1196 (10th Cir. 2009). A broad arbitration provision is one that "refer[s] all disputes arising out of a contract to arbitration." Cummings v. FedEx Ground Package Sys., Inc., 404 F.3d 1258, 1262 (10th Cir. 2005). In contrast, a narrow arbitration provision "manifest[s] an intent to narrowly limit arbitration to specific disputes regarding the termination" of a contract. Id. The arbitration agreement in this case requires the parties to arbitrate "**all disputes and claims** between [the parties]," states that the arbitration provision is to be broadly interpreted, and specifically states that all "claims arising out of or relating to any aspect of the relationship between [the parties]" are subject to arbitration. Dkt. # 22-1, at 4 (emphasis in original). This qualifies as a broad arbitration provision under Cummings, because the parties agreed to arbitrate all disputes arising out of the agreement. 404 F.3d at 1262; see also Newmont U.S.A. Ltd. v. Ins. Co. of N. Am., 615 F.3d 1268, 1275 n.5 (10th Cir. 2010) ("Generally, when an arbitration provision provides for [arbitration of] any dispute 'arising out of' a particular contract, the provision is construed broadly to suggest that a given dispute is arbitrable."). When reviewing a broad arbitration provision, "there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." Cummings, 404 F.3d at 1261 (quoting Louis Dreyfus Negoce S.A. v. Blystad Shipping &

Trading Inc., 252 F.3d 218, 224 (2d Cir. 2001)).  The Court finds that the parties' arbitration agreement is enforceable, and the Court will apply the presumption of arbitrability applicable to broad arbitration provisions.

The Court has determined that the arbitration agreement is enforceable, and the Court must consider what claims asserted by plaintiff fall within the scope of the broad arbitration provision. Plaintiff has alleged that AT&T is attempting to collect a debt that is not owed to it, that AT&T is using unethical and illegal tactics to collect that alleged debt, and that AT&T is reporting negative information to various credit bureaus.  Dkt. # 5, at 4, 5, 7.  The alleged debt that AT&T is attempting to collect relates to the contract that mandates arbitration.  The debt collection practices stem from that alleged debt, as does any reporting to credit bureaus.  These claims are clearly within the scope of the arbitration provision.  Thus, all of the claims against AT&T alleged in plaintiff's amended complaint fall within the scope of the parties' broad arbitration provision, and the claims must be submitted to arbitration.  Under the FAA, the Court is required to stay plaintiff's claims against AT&T, pending completion of the arbitration proceedings.  See Walker v. BuildDirect.com Techs., Inc., 733 F.3d 1001, 1004 (10th Cir. 2013).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Defendants AT&T Corp / AT&T Mobility (Dkt. # 22) is **denied**.

**IT IS FURTHER ORDERED** that the Motion to Stay Proceedings and Compel Arbitration (Dkt. # 26) are **granted**, and plaintiff's claims against AT&T Corp / AT&T Mobility shall be submitted to arbitration pursuant to the parties' agreement.

**IT IS FURTHER ORDERED** that plaintiff's claims against AT&T Corp / AT&T Mobility only are **stayed** pending completion of the arbitration proceedings. The parties shall file a joint statement advising the Court of the arbitrator's decision within 15 days of the completion of the arbitration proceedings. This matter continues as to all other active parties.

**DATED** this 27th day of May, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE