# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

EDDIE SANTANA,                      )
                                    )
        Plaintiff,              )
                                    )
v.                                  )  Case No. 14-CV-0052-CVE-FHM
                                    )
VERIZON WIRELESS, et al.            )
                                    )
        Defendants.             )

## OPINION AND ORDER

Now before the Court is Defendant Experian Information Solutions, Inc's Rule 12(b)(6) Motion to Dismiss and Brief in Support (Dkt. # 32). Defendant Experian Information Solutions, Inc. (Experian) argues that plaintiff has failed to state a claim against it and asks the Court dismiss the claims against it. Dkt. # 32. Plaintiff has not responded.

## I.

Plaintiff alleges that various institutions are attempting to collect debts from him in an unethical manner. Dkt. # 5, at 3-5. Plaintiff also alleges that some institutions are attempting to collect disputed and time-barred debts. Id. at 5-7. Plaintiff alleges that the collection of these debts has led to credit bureaus receiving negative reports about him. Id. at 7.

Plaintiff, appearing pro se, filed a complaint on February 5, 2014 (Dkt. # 1), and filed an amended complaint the next day (Dkt. # 5).[1] Plaintiff's complaint lists three counts and specifies the defendants against which they are asserted. Dkt. # 5, at 5-6. Plaintiff has not specifically stated that any of the counts are asserted against Experian. See id. However, in his claim based upon the

---

[1]   Plaintiff also filed a supplement to his amended complaint (Dkt. # 9). However, that supplement does not implicate plaintiff's claims against Experian. See Dkt. # 9.

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692(a), plaintiff does state that IC Systems Inc.[2] colluded with Experian to hurt plaintiff. Id. at 5. Additionally, plaintiff states that other defendants, in conjunction with their attempts to collect debts from plaintiff, have reported negative information about plaintiff to Experian. Id. at 4, 7.[3]

On May 2, 2014, Experian filed a motion to dismiss the claims against it for failure to state a claim. Dkt. # 32. Plaintiff has not filed a response, and his time to do so has expired. Compare Dkt. # 32, with LCvR7.2(e).

**II.**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v.

---

[2] IC Systems Inc. was formerly a defendant in this case, but was terminated on March 11, 2014. Dkt. # 11.

[3] Plaintiff also states that unspecified "defendants" are trying to collect debts from him, using unethical tactics. Dkt. # 5, at 3. However, plaintiff is not referring to Experian when he refers to "defendants" in the context of unethical debt collection. See id. at 4 ("As part of their collection guerilla tactics, the defendants have reported me (Plaintiff) to the credit bureaus, Transunion, Equifax and Experian . . . .").

2

Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Complaints filed by pro se plaintiffs are held to less stringent standards than pleadings drafted by lawyers, and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims that are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir.1994).

**III.**

Experian argues that plaintiff has failed to state any claim for relief against it, that plaintiff has failed to allege any factual allegations against it, and that plaintiff has failed to provide it with fair notice. Dkt. # 32, at 2.[4] It is unclear from the amended complaint what claims plaintiff is attempting to assert against Experian, depriving Experian of any notice as to the claims against it.

---

[4] Experian also argues that plaintiff cannot bring a claim under the FDCPA against it, if plaintiff is attempting to do so. Dkt. # 32, at 4.

The most detailed allegation against Experian is that it "colluded" with IC Systems Inc. to "hurt" plaintiff. There are no factual averments to support plaintiff's claim. Plaintiff does not even provide "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. As plaintiff is pro se, the Court construes his pleadings liberally. See Haines, 404 U.S. at 520. However, the Court may not assume the role of advocate and must dismiss claims that are supported only by vague and conclusory allegations. Hall, 935 F.3d at 1110. Plaintiff's claims, even when construed liberally, are vague and do not even rise to the level of conclusory. Plaintiff has failed to provide notice to Experian, has not provided sufficient facts to render his claims against Experian plausible on their face, and has failed to state a claim against Experian. Plaintiff's claims against Experian should be dismissed.

**IT IS THEREFORE ORDERED** that Defendant Experian Information Solutions, Inc's Rule 12(b)(6) Motion to Dismiss and Brief in Support (Dkt. # 32) is **granted**.

**DATED** this 29th day of May, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE